IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT D.[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Civ. No. 2:23-cv-924-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Robert D. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c) For the reasons provided below, the Commissioner's decision is AFFIRMED.

**PROCEDURAL BACKGROUND**

On August 19, 2020, Plaintiff protectively filed an application for disability insurance benefits, alleging disability beginning on May 28, 2020. Tr. 15. The claim was denied initially and on reconsideration. Tr. 84, 109. Plaintiff requested a hearing before an administrative law

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

judge and appeared before ALJ Marie Palachuk on July 14, 2022. Tr. 37-63. Plaintiff, represented by his attorney, and a vocational expert testified at the hearing. Tr. 33-63. The ALJ found Plaintiff not disabled in a written decision issued July 27, 2022. Tr. 31. The Appeals Council denied review on May 12, 2023, making the ALJ's decision the final agency decision. Tr. 1-6. Plaintiff's timely appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 58 years of age on his alleged onset date. Tr. 84. He has a high school education, with vocational technical training in electronics, weatherization, a service officer training. Tr. 233. His past relevant work includes energy auditor, case manager, Veteran's service coordinator, and electronics mechanic. Tr. 247. He alleges disability due to anxiety, adjustment disorder, cerebral aneurysms, and degenerative arthritis. Tr. 65.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. § 404.1520(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, he is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If

2 - Opinion and Order

the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 404.1560(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional

3 - Opinion and Order

capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

As a preliminary matter, the ALJ found that Plaintiff met the insured status requirements of the Act. Tr. 18. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from May 28, 2020, through July 27, 2022, the date of the decision. Tr. 18. At step two, the ALJ found that Plaintiff had the following severe impairments: adjustment disorder, anxiety disorder, moderate degenerative disc disease of the cervical spine, carpal tunnel syndrome status post left release surgery and pending right release surgery, and cerebral aneurysms status post craniotomy. Tr. 18. At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 19. The ALJ found that Plaintiff had the RFC to perform medium work with the limitations:

> postural activities can be performed frequently, and the claimant can do handling and fingering bilaterally on a frequent basis. The claimant is limited to occasional public interaction with no large groups or crowds.

Tr. 22. At step four, the ALJ determined that Plaintiff is able to perform past relevant work as an electronics mechanic. Tr. 30. The ALJ concluded the disability analysis, finding Plaintiff was not disabled. Tr. 31.

4 - Opinion and Order

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the

5 - Opinion and Order

Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff asserts that remand is warranted because the ALJ erred in (1) considering his subjective symptom allegations; and (2) considering the functional testimony of Plaintiff's wife. Pl. Br. at 1.

### I. Plaintiff's subjective symptom allegations

Plaintiff argues the ALJ improperly rejected his symptom testimony regarding his anxiety and depression. Pl. Br. at 4. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; instead, the ALJ "must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the

6 - Opinion and Order

reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[2] SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017). The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Plaintiff challenges the ALJ's reliance on signs of improvement with treatment, activities of daily living, objective medical evidence, and his receipt of unemployment benefits to discount his symptom allegations. This Court finds that the ALJ's determination regarding is reasonable and supported by substantial evidence.

### A. Evidence of improvement with treatment

Plaintiff argues the ALJ improperly relied on reports that his symptoms improved with treatment. Pl. Br. at 8. According to Plaintiff, the ALJ incorrectly concluded that he could control his anxiety with medication, therapy, and coping skills, but the ALJ failed to consider that he

---

[2] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p, 2017 WL 5180304, at *1–2 (S.S.A. Oct. 25, 2017).

7 - Opinion and Order

was no longer working during his period of improvement. Moreover, Plaintiff asserts that the ALJ downplayed the significance of reports of ongoing symptoms, even while the stressors were largely reduced. Pl. Br. at 8. Plaintiff suggests his symptoms improved because, unlike when he was working, he was able to control his routine and his environment.

ALJ's may consider any other evidence relevant to determine the severity and functionally limiting effects of a claimant's symptoms, including evidence that symptoms were effectively controlled or have improved with treatment. *See* 20 C.F.R. § 404.1529(c)(3)(vii); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling.") (citations omitted). However, it is error for an ALJ to isolate a few instances of improvement in the medical record as a basis for concluding a claimant is capable of working. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (citation omitted). In the context of mental health issues, "reports of 'improvement' must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms." *Id.* (citing *Ryan*, 528 F.3d at 1200-01); *see also Attmore*, 827 F.3d at 877-79 (ALJ erred by finding improvement where claimant continued to have functional impairments and improvement was not sustained). It is common for mental health symptoms to wax and wane; thus, cherry-picking the record evidence for facts that support the non-disability decision while ignoring others to paint an inaccurate picture of the record as a whole is reversible error.

The ALJ concluded Plaintiff's symptoms had improved with treatment. Tr. 27. For example, the ALJ cited a treatment note from October 2020, stating symptoms such as anxiety, irritable mood and angry outbursts were "much better" with medication. In November 2020, Plaintiff reported "doing well" with no issues with frustration or marital conflict. Tr. 27, citing

8 - Opinion and Order

Tr. 505. In December 2020, the ALJ noted Plaintiff reported to his therapist he was able to redirect himself when he got caught up in critical thinking. Tr. 27, citing Tr. 501. In January 2021, Plaintiff's therapy notes indicate he experienced "occasional irritability" when dealing with crowds or loud places, but he was "more mindful" and successfully practiced acceptance skills manage symptoms. Tr. 28, citing Tr. 594. And in November 2021, Plaintiff reported experiencing less anxiety in large groups in public situations. Tr. 28, citing 755.

The ALJ's conclusions are reasonable and are supported by substantial evidence. Although Plaintiff argues the ALJ ignored evidence that he was "unable to tolerate even being around family because of the disruption of his routine, noise, and confusion," the record supports the ALJ's conclusions. Pl. Br. at 8-9, citing Tr. 501. Indeed, notes from Plaintiff's counseling sessions describe social situations in which he demonstrated his ability to use his new coping skills. Notably, Plaintiff related an experience from a family gathering, stating that "when he began to feel overwhelmed by loud noises at his home when is family was over, he stepped outside and took time to acknowledge his feelings and defuse from unhelpful judgments." Tr. 501.

Plaintiff's argument that his symptoms were not as troubling because he largely controlled his environment is similarly unavailing. Pl. Br. at 9. The record shows that Plaintiff's treatments were focused on alleviating stressors that were outside his control, such as being around crowds and noise. *See* Tr. 501. According to his records, Plaintiff expressed that those treatments were effective, as he had acquired new coping skills for situations outside his control. Plaintiff described to providers that he felt better able to handle life stressors since he began therapy. Tr. 763, 768, 771. Moreover, in June 2022, Plaintiff related that his medications had improved his anxiety, irritability, and anger. Tr. 779. Despite experiencing some situational

9 - Opinion and Order

anxiety, Plaintiff stated he is able to "go out in larger groups and public situations with much less anxiety." Tr. 779. These are clear and convincing examples of Plaintiff's improvement with treatment, and the ALJ did not err in concluding as such.

### B. Activities of daily living

Plaintiff asserts the ALJ failed to provide a link between his activities and the symptoms which can be discounted by those activities. Specifically, Plaintiff argues the ALJ cited activities that did not relate to allegations that he is unable to tolerate changes in routine or function effectively in a crowded or noisy environment. Pl. Br. at 10. Moreover, Plaintiff suggests the ALJ ignored evidence that Plaintiff had difficulties performing the activities cited. Pl. Br. at 11. Plaintiff also argues that some of the activities cited by the ALJ were not inconsistent with Plaintiff's symptoms. Pl. Br. at 11.

An ALJ may reject symptom allegations that are inconsistent with a claimant's ability to perform normal activities of daily living (ADLs). *See* 20 C.F.R. § 404.1529(c)(3)(i). There are two ways ADLs may support such rejection: (1) the ADLs contravene the claimant's allegations of functional limitations; or (2) the ADLs "meet the threshold for transferrable work skills[.]" *Orn*, 495 F.3d at 639. "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally disabling impairment." *Molina*, 674 F.3d at 1113.

The ALJ did not fully discount Plaintiff's symptom testimony based on ADLs, but rather determined Plaintiff's ADLs indicated a level of functioning greater than alleged. Tr. 28. To support her conclusions, the ALJ cited Plaintiff's activities such as building an addition to his home, riding his motorcycle, taking trips out of town, restoring a boat with his son, and planning fishing trips to support her conclusion. Tr. 28. The ALJ concluded Plaintiff's records support a

10 - Opinion and Order

limitation to occasional public interaction with no large groups or crowds, but his ADLs "do not suggest a lesser functional ability." Tr. 28.

The ALJ provided sufficient clear and convincing examples relevant to Plaintiff's allegations to support her conclusion. For example, despite allegations he cannot tolerate changes to his routine, the ALJ pointed out Plaintiff was able to take a trip to the Oregon and California coast with his wife. Tr. 28-29. Treatment notes show that Plaintiff described this trip as "impromptu" and "very enjoyable." Tr. 637. Taking an impromptu trip is, by definition, an activity outside of a given routine. And Plaintiff's description of this break in routine as "enjoyable" further supports the ALJ's conclusion as to his degree of limitation. Moreover, although Plaintiff attested to difficulty functioning in noisy environments, the ALJ pointed out he was able to build an addition to his home, an activity that is both noisy and requires the ability to focus. Tr. 28. These examples adequately meet the clear and convincing standards set forth by our precedents. To the extent the ALJ relied on activities such as shopping, that are not inconsistent with Plaintiff's allegations, this is harmless error, as the ALJ provided clear and convincing examples in addition to shopping. *See Trevizo*, 871 F.3d at 682 (the ALJ's conclusion must be upheld so long as the ALJ provided at least one clear and convincing reason, supported by substantial evidence). Thus, the ALJ did not err in finding Plaintiff's activities were inconsistent with the level of limitation alleged.

### C. Objective medical evidence

Plaintiff argues the ALJ improperly relied on objective reports regarding his presentation and performance at medical appointments as a basis for rejecting his symptom testimony. Pl. Br. at 6. Specifically, Plaintiff alleges the ALJ relied on largely "normal" findings in mental status examinations without considering that Plaintiff had stopped working and was no longer facing

11 - Opinion and Order

the factors that triggered his anxiety and stress. Pl. Br. at 8. Plaintiff attests that he is able to function, until his symptoms are triggered. Pl. Br. at 8.

Objective medical evidence is a relevant factor in evaluating a claimant's symptoms, though it cannot be the sole ground on which testimony is discounted. 20 C.F.R. § 404.1529(c)(2). An ALJ may determine a claimant's symptoms are inconsistent with objective medical evidence, such as clinical signs, medical descriptions, and evaluations. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (claimant's statements about worsening symptoms contradicted by doctor's report of improvement with medication); *Molina*, 674 F.3d at 1104 (normal demeanor and congeniality at clinical visits was inconsistent with allegations of disabling anxiety). However, the ALJ must consider allegations of mental health issues in the against the record as a whole. *See Ghanim*, 763 F.3d at 1164 (normal behavior and good eye contact at clinical visits was not inconsistent with anxiety allegations considering the record as a whole).

The ALJ concluded the medical evidence does not "support finding a greater degree of limitation consistent with the claimant's reports about the intensity and limiting effects of symptoms." Tr. 26. To support her conclusion, the ALJ cited treatment records from April 2020, where Plaintiff complained of difficulty focusing and concentrating, irritability, and anxiety. Tr. 27. Mental status exams from that same visit confirmed Plaintiff experienced anxiety "when thinking about returning to work or meeting new people," and some difficulty with memory and concentration, but also showed he had good judgment and insight, normal speech, and clear thought process. Tr. 27, citing Tr. 367. In July 2020, Plaintiff described feelings of agitation, indecisiveness, difficulty being in crowds, and feeling out of control. Tr. 27, citing Tr. 411. Mental status exams from that visit showed Plaintiff was "irritable" but had no homicidal

12 - Opinion and Order

ideation, he had adequate insight and judgment; clear and fluent speech; linear and goal-directed, logical task-oriented thought processes; and normal concentration and memory. Tr. 27 citing Tr. 412. Additionally, the ALJ pointed to records from September 2020, where Plaintiff described "occasional irritability," and mental exams showed normal cognitive signs, euthymic mood, and cheerful affect. Tr. 27 citing Tr. 396.

To be clear, the ALJ's conclusions as to the objective evidence are a reasonable reading of the record. The objective evidence shows that Plaintiff experienced some limitations due to anxiety, but that his level of functioning remained largely intact and within normal limits. *See* Tr. 364-65, 367, 396, 499, 411, 412, 515. Moreover, Plaintiff does not point to any examples in the record that would lead the Court to a different conclusion. As such, the ALJ did not err in considering the objective medical evidence when evaluating Plaintiff's subjective symptom testimony.

### D. Unemployment benefits

Plaintiff further argues that the ALJ erred in concluding his receipt of unemployment benefits was inconsistent with his allegations of disability. Pl. Br. at 12. Plaintiff received unemployment benefits from the fourth quarter of 2020 through the third quarter of 2021. He now avers that the ALJ's failure to inquire as to the circumstances under which he received extended benefits resulted in an erroneous conclusion as to his disability allegations. However, an ALJ may rely on a Plaintiff's receipt of unemployment benefits, so long as the individual held himself out as available for full-time work. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). That Plaintiff received extended benefits due to the CARES Act[3] did

---

[3] Coronavirus Aid, Relief, and Economic Security Act (CARES), PL 116-136, March 27, 2020, 134 Stat 281.

13 - Opinion and Order

not alleviate him of his responsibility to self-certify, each week, that he is willing and able to work. Tr. 18. The ALJ thus did not err in concluding Plaintiff's receipt of unemployment benefits was inconsistent with his allegations of disability.

## II. Plaintiff's wife's testimony

Plaintiff states, at the beginning of his brief, that the ALJ erred in rejecting the lay testimony of his wife. However, Plaintiff cites no governing law and makes no specific assertions of error in his briefs. Instead, Plaintiff repeatedly refers to his own symptom testimony, with occasional references to his wife's testimony as supporting his allegations. *See, e.g.*, Pl. Br. at 1, 4, 5, 6, 9, 11, 13. As Plaintiff has made no argument as to Plaintiff's wife, the Court will not make Plaintiff's arguments for him. *See Carmickle*, 533 F.3d at 1161 n.2 (Issues not argued with specificity in briefing will not be addressed).

## ORDER

In sum, the ALJ properly evaluated Plaintiff's subjective symptom testimony. The ALJ's determination is free from legal error and supported by substantial evidence. For the reasons set forth above, the decision of the Commissioner is AFFIRMED.

It is so ORDERED and DATED this 7 day of JUNE, 2024.

MARK D. CLARKE
United States Magistrate Judge

14 - Opinion and Order